**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| MARVIN DOVBERG,<br>Plaintiff,<br>v.<br>HALLER ENTERPRISES, INC.,<br>Defendant. | Civil Action No. 5:26-cv-04286-JFL |

**DEFENDANT'S ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S COMPLAINT**

Defendant Haller Enterprises, LLC ("Haller"), by and through its undersigned attorneys, hereby files this Answer and Affirmative Defenses. Any allegations that are not specifically admitted are denied. Any repetition of headings from the Complaint is solely for ease of reference and is not intended to be an admission regarding their truth or accuracy.

## ANSWER

### Preliminary Statement

1. "Telemarketing calls are intrusive. A great many people object to these calls, which interfere with their lives, tie up their phone lines, and cause confusion and disruption on phone records. Faced with growing public criticism of abusive telephone marketing practices, Congress enacted the Telephone Consumer Protection Act of 1991. Pub. L. No. 102-243, 105 Stat. 2394 (1991) (codified at 47 U.S.C. § 227). As Congress explained, the law was a response to Americans 'outraged over the proliferation of intrusive, nuisance calls to their homes from telemarketers' *id*. § 2(6), and sought to strike a balance between '[i]ndividuals' privacy rights, public safety interests, and commercial freedoms' *id.*§ 2(9).

**ANSWER:** To the extent that Paragraph 1 purports to provide excerpts from *Krakauer v. Dish Network, L.L.C.*, 925 F.3d 643 (4th Cir. 2019), the opinion speaks for itself. To the extent a response is deemed required, Haller denies any remaining allegations in Paragraph 1.

2. "The law opted for a consumer-driven process that would allow objecting individuals to prevent unwanted calls to their homes. The result of the telemarketing regulations was the national Do-Not-Call registry. *See* 47 C.F.R. § 64.1200(c)(2). Within the federal government's web of indecipherable acronyms and byzantine programs, the Do-Not-Call registry stands out as a model of clarity. It means what it says. If a person wishes to no longer receive telephone solicitations, he can add his number to the list. The TCPA then restricts the telephone solicitations that can be made to that number. *See id.*; 16 C.F.R. § 310.4(b)(iii)(B) ('It is an abusive telemarketing act or practice and a violation of this Rule for a telemarketer to . . . initiat[e] any outbound telephone call to a person when . . . [t]hat person's telephone number is on the "do-not-call" registry, maintained by the Commission.')...Private suits can seek either monetary or injunctive relief. *Id...*This private cause of action is a straightforward provision designed to achieve a straightforward result. Congress enacted the law to protect against invasions of privacy that were harming people. The law empowers each person to protect his own personal rights. Violations of the law are clear, as is the remedy. Put simply, the TCPA affords relief to those persons who, despite efforts to avoid it, have suffered an intrusion upon their domestic peace." *Krakauer v. Dish Network, L.L.C.*, 925 F.3d 643, 649-50 (4th Cir. 2019).

**ANSWER:** To the extent that Paragraph 2 purports to provide excerpts from *Krakauer v. Dish Network, L.L.C.*, 925 F.3d 643 (4th Cir. 2019), the opinion speaks for itself. To the extent a response is deemed required, Haller denies any remaining allegations in Paragraph 2.

3. The Plaintiff brings this action to enforce the consumer-privacy provisions of the TCPA alleging that Haller Enterprises, Inc. violated the TCPA by sending telemarketing text messages to Plaintiff and other putative class members listed on the National Do Not Call Registry without their written consent, and by sending telemarketing text messages without complying with the TCPA's caller ID requirements.

**ANSWER:** Haller admits that Plaintiff brought this action and claims Haller violated the TCPA. The remaining allegations in Paragraph 3 consist of conclusions of law to which no response is required. To the extent a response is deemed required, Haller denies any remaining allegations in Paragraph 3.

## Parties

4. Plaintiff Marvin Dovberg is a natural person and resident of the Commonwealth of Pennsylvania. He owns the personal cellular telephone number (215) XXX-XXXX, which he placed on the National Do-Not-Call Registry in August 2012.

**ANSWER:** Haller admits that Plaintiff is a natural person. Haller lacks sufficient knowledge or information to form a belief about the remaining allegations in Paragraph 4 and therefore denies them.

5. Defendant Haller Enterprises, Inc. is a Pennsylvania corporation with its headquarters and principal place of business at 212 Bucky Drive, Lititz, Pennsylvania 17543, within this District. Haller provides residential and commercial plumbing, HVAC (heating, ventilation, and air conditioning), electrical, and other related services throughout Central and Eastern Pennsylvania. Screenshots of Defendant's websites are provided below:







**ANSWER:** Haller admits that it is a Pennsylvania corporation. Haller admits its headquarters and principal place of business are located at 212 Bucky Drive, Lititz, Pennsylvania 17543. Haller admits that it provides residential and commercial plumbing, HVAC, electrical, and other related services. Haller admits that it has a website. To the extent Paragraph 5 purports to show images of Haller's website, the images of the website reproduced in Paragraph 5 speak for themselves. Haller denies that the images reproduced in Paragraph 5 accurately depict the entirety of its website. Haller denies any remaining allegations in Paragraph 5.

## Jurisdiction & Venue

6. The Court has subject-matter jurisdiction under 28 U.S.C. § 1331 because the Plaintiff's claims arise under federal law.

**ANSWER:** Paragraph 6 consists solely of conclusions of law to which no response is required.

7. The Court has general personal jurisdiction over Defendant because Defendant is headquartered and maintains its principal place of business in this District.

**ANSWER:** Haller admits that it is headquartered and maintains a principal place of business in Lititz, Pennsylvania. The rest of Paragraph 7 contains conclusions of law to which no response is required.

8. Venue is proper under 28 U.S.C. § 1391(b)(1) because Defendant resides in this District, and under 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to the claim occurred in this District, as the text messages at issue were sent by Defendant from within this District to this District.

**ANSWER:** Haller admits that it is headquartered and maintains a principal place of business in Lititz, Pennsylvania. Haller lacks sufficient knowledge or information to form a belief about the remaining allegations in Paragraph 8 and therefore denies them. The rest of Paragraph 8 contains conclusions of law to which no response is required.

## The Telephone Consumer Protection Act

9. In 1991, Congress enacted the TCPA to regulate the explosive growth of the telemarketing industry. In so doing, Congress recognized that "[u]nrestricted telemarketing . . .

can be an intrusive invasion of privacy [.]" Telephone Consumer Protection Act of 1991, Pub. L. No. 102-243, § 2(5) (1991) (codified at 47 U.S.C. § 227).

**ANSWER:** Haller admits that Congress enacted the TCPA in 1991. The rest of Paragraph 9 consists of conclusions of law to which no response is required. To the extent that Paragraph 9 purports to provide excerpts from the Telephone Consumer Protection Act of 1991, Pub. L. No. 102-243, § 2(5), that statute speaks for itself. To the extent a response is deemed required, Haller denies any remaining allegations in Paragraph 9.

**The National Do Not Call Registry**

10. The National Do Not Call Registry allows consumers to register their telephone numbers and thereby indicate their desire not to receive telephone solicitations at those numbers. *See* 47 C.F.R. § 64.1200(c)(2).

**ANSWER:** Paragraph 10 consists solely of conclusions of law to which no response is required.

11. A listing on the Registry "must be honored indefinitely, or until the registration is cancelled by the consumer or the telephone number is removed by the database administrator." *Id*.

**ANSWER:** Paragraph 11 consists solely of conclusions of law to which no response is required. To the extent that Paragraph 11 purports to provide excerpts from 47 C.F.R. § 64.1200(c)(2), that regulation speaks for itself.

12. The TCPA and implementing regulations prohibit the initiation of telephone solicitations to residential telephone subscribers to the Registry and provides a private right of

action against any entity that makes those calls, or "on whose behalf" such calls are promoted. 47 U.S.C. § 227(c)(5); 47 C.F.R. § 64.1200(c)(2).

**ANSWER:** Paragraph 12 consists of conclusions of law to which no response is required. To the extent that Paragraph 12 purports to provide excerpts from 47 U.S.C. § 227(c)(5) and 47 C.F.R. § 64.1200(c)(2), those provisions speak for themselves. To the extent a response is deemed required, Haller denies any remaining allegations in Paragraph 12.

**The TCPA Also Requires Telemarketers to Transmit Caller Identification Information**

13. The TCPA requires any "person or entity that engages in telemarketing" to "transmit caller identification information." 47 C.F.R. § 64.1601(e).

**ANSWER:** Paragraph 13 consists solely of conclusions of law to which no response is required. To the extent that Paragraph 13 purports to provide excerpts from 47 C.F.R. § 64.1601(e), that regulation speaks for itself.

14. The relevant regulation defines "caller identification information" as "either CPN or ANI, and, when available by the telemarketer's carrier, the name of the telemarketer." 47 C.F.R. § 64.1601(e)(1).

**ANSWER:** Paragraph 14 consists solely of conclusions of law to which no response is required. To the extent that Paragraph 14 purports to provide excerpts from 47 C.F.R. § 64.1601(e)(1), that regulation speaks for itself.

15. There is no consent defense to 47 C.F.R. § 64.1601(e)(1).

**ANSWER:** Paragraph 15 consists of conclusions of law to which no response is required. To the

extent a response is deemed required, Haller denies any remaining allegations in Paragraph 15.

16. A violation of this subsection of the TCPA is enforceable under the private right of action provided for under 47 U.S.C. § 227(c)(5)'s private right of action. *Dobronski v. Selectquote Ins. Servs.*, No. 2:23-CV-12597, 2025 WL 900439, at *3 (E.D. Mich. Mar. 25, 2025).

**ANSWER:** Paragraph 16 consists of conclusions of law to which no response is required. To the extent a response is deemed required, Haller denies any remaining allegations in Paragraph 16.

**Factual Allegations**

17. Plaintiff Marvin Dovberg is, and at all times mentioned herein was, a natural person.

**ANSWER:** Haller admits the allegations in Paragraph 17.

18. Plaintiff's telephone number is a non-commercial telephone number.

**ANSWER:** Paragraph 18 consists of a conclusion of law to which no response is required. To the extent a response is deemed required, Haller lacks sufficient knowledge or information to form a belief about any remaining allegations in Paragraph 18 and therefore denies them.

19. Plaintiff uses the telephone number for personal, residential, and household purposes.

**ANSWER:** Haller lacks sufficient knowledge or information to form a belief about the allegations in Paragraph 19 and therefore denies them.

20. Plaintiff's telephone number has been registered on the National Do Not Call Registry for at least thirty-one (31) days prior to the text messages described below.

**ANSWER:** Haller lacks sufficient knowledge or information to form a belief about the allegations in Paragraph 20 and therefore denies them.

21. Plaintiff never consented, in writing or otherwise, to receive telemarketing text messages from Defendant.

**ANSWER:** Haller denies the allegations in Paragraph 21.

22. On June 4, 2026, Defendant sent Plaintiff two text message calls from the telephone number 717-482-9669 advertising their services:


6:23
+1 (717) 482-9669
Hey Marvin and Barbara, this is Haller Enterprises.
Quick reminder - if anyone in your circle needs our services, we'd love to take great care of them.
You'll get up to $250 when their job is complete - and your referral will get a discount on their first service! Easy win-win!
Enter referral info here: https://referpro.co/r/haller-enterprises/nKFI_5
Reply STOP to opt out.




**ANSWER:** To the extent that Paragraph 22 characterizes the content of the text messages, the images of the text messages reproduced in Paragraph 22 of the Complaint speak for themselves. To the extent a response is deemed required, Haller denies any remaining allegations in Paragraph 22.

23. Although the Plaintiff previously used the Defendant's services, he last used the Defendant's services in the summer of 2022. Moreover, Plaintiff never gave permission to Defendant to continue contacting him or to contact him as an initial matter after such services were rendered.

**ANSWER:** Haller admits that Plaintiff previously used Haller's services. Haller denies any remaining allegations in Paragraph 23.

24. The messages promoted Defendant's plumbing, HVAC, and electrical services by soliciting Plaintiff to refer new customers to Defendant in exchange for a monetary incentive of up to $250, and by directing Plaintiff to a referral sign-up webpage, all for the purpose of generating new customers, sales, and business for Defendant.

**ANSWER:** To the extent that Paragraph 24 characterizes the content of the text messages, the images of the text messages reproduced in Paragraph 22 of the Complaint speak for themselves. The remaining allegations in Paragraph 24 express arguments and opinions to which no response is required. To the extent a response is deemed required, Haller denies any remaining allegations in Paragraph 24.

25. The messages therefore encouraged the purchase of, and promoted, Defendant's goods and services, and each constituted a "telephone solicitation" and telemarketing message under the TCPA and its implementing regulations.

**ANSWER:** To the extent that Paragraph 25 characterizes the content of the text messages, the images of the text messages reproduced in Paragraph 22 of the Complaint speak for themselves. The remaining allegations in Paragraph 25 express arguments and opinions, and consist of conclusions of law to which no response is required. To the extent a response is deemed required, Haller denies any remaining allegations in Paragraph 25.

26. Under the TCPA, as confirmed by the Supreme Court, text messages are "calls" for purposes of the statute. *Campbell-Ewald Co. v. Gomez*, 577 U.S. 153 (2016).

ANSWER: Paragraph 26 consists of conclusions of law to which no response is required. To the extent that Paragraph 26 purports to provide excerpts from *Campbell-Ewald Co. v. Gomez*, 577

U.S. 153 (2016), the opinion speaks for itself. To the extent a response is deemed required, Haller denies any remaining allegations in Paragraph 26.

27. The calls all came from the following numbers, which transmitted the caller ID, in the form of both CPN and ANI, as follows. Counsel for the Plaintiff has access to "dip" the Caller ID database of the calling carrier to ascertain the CNAM information to ascertain (1) whether caller name delivery (CNAM) is available with the Defendant's calling carrier, and (2) whether such CNAM information contained the name of the telemarketer. The results of those dips are as follows:

| Number | CNAM Avail? | CNAM Result | Carrier of Record |
| --- | --- | --- | --- |
| 717-482-9669 | Y | MIDDLETOWN, PA | Telnyx |

**ANSWER:** Haller lacks sufficient knowledge or information to form a belief about the allegations in Paragraph 27 and therefore denies them.

28. As the aforementioned chart shows, the CNAM transmitted by the telephone carrier, provided inaccurate CNAM functionality, transmitting a geographic location, and which did not transmit the caller's name.

**ANSWER:** Paragraph 28 contains conclusions of law to which no response is required. To the extent that a response is required, Haller lacks sufficient knowledge or information to form a belief about the allegations in Paragraph 28 and therefore denies them.

29. Telnyx provides its customers, and any applicable resellers, the ability to set the

CNAM result accurately to reflect their own name as desired, but if the customer does not elect such a CNAM, their default CNAM customer setting is to transmit the geographic location of the telephone exchange for the calling telephone number, and not the caller's name, as occurred here.

**ANSWER:** Haller lacks sufficient knowledge or information to form a belief about the allegations in Paragraph 29 and therefore denies them.

30. The inaccurate transmission of Caller ID harmed Plaintiff because he was not able to use Caller ID information to readily ascertain who was calling him.

**ANSWER:** Haller denies the allegations in Paragraph 30.

31. There is no consent defense to a violation of 47 C.F.R. § 64.1601(e)(1).

**ANSWER:** Paragraph 31 consists of conclusions of law to which no response is required. To the extent a response is deemed required, Haller denies any remaining allegations in Paragraph 31.

32. The text messages were unwanted.

**ANSWER:** Haller lacks sufficient knowledge or information to form a belief about the allegations in Paragraph 32 and therefore denies them.

33. The text messages constituted nonconsensual intrusions upon Plaintiff's cellular telephone.

**ANSWER:** Haller denies the allegations in Paragraph 33.

34. The text messages occupied Plaintiff's phone storage and bandwidth and disrupted Plaintiff's daily activities.

**ANSWER:** Haller lacks sufficient knowledge or information to form a belief about the allegations in Paragraph 34 and therefore denies them.

35. Plaintiff found the text messages frustrating, annoying, and intrusive.

**ANSWER:** Haller lacks sufficient knowledge or information to form a belief about the allegations in Paragraph 35 and therefore denies them.

36. The text messages invaded Plaintiff's privacy and interfered with the use and enjoyment of his cellular telephone.

**ANSWER:** The allegations in Paragraph 36 express arguments and opinions, and consist of conclusions of law to which no response is required. To the extent a response is deemed required, Haller denies the allegations in Paragraph 36.

37. The text messages were sent to generate referrals, sales, and new business for Defendant, and to promote Defendant's brand and services.

**ANSWER:** The allegations in Paragraph 37 express arguments and opinions to which no response is required. To the extent that these allegations characterize the content or purpose of the text messages, the images of the text messages reproduced in Paragraph 22 of the Complaint speak for themselves.

38. Defendant used its trade name and branding in the text message calls.

**ANSWER:** To the extent that Paragraph 38 characterizes the content of the text messages, the images of the text messages reproduced in Paragraph 22 of the Complaint speak for themselves.

39. Defendant benefitted from the text message calls by promoting referrals, new customer acquisition, and its brand.

**ANSWER:** Haller denies the allegations in Paragraph 39.

40. Plaintiff was harmed by Defendant's conduct because the unwanted text message calls were frustrating, annoying, and intrusive, invaded Plaintiff's privacy, occupied his cellular telephone's storage and bandwidth, disrupted his daily activities, and interfered with the use and enjoyment of his cellular telephone.

**ANSWER:** The allegations in Paragraph 40 express arguments and opinions, and consist of conclusions of law to which no response is required to which no response is required. To the extent a response is deemed required, Haller lacks knowledge or information sufficient to form a belief as to Plaintiff's subjective feelings and experiences. Haller denies any remaining allegations in Paragraph 40.

**Class Action Statement**

41. Plaintiff incorporates by reference all other paragraphs of this Complaint as if fully stated herein.

**ANSWER:** Haller repeats and realleges all of the foregoing paragraphs of this Answer as if fully set forth herein.

42. Plaintiff brings this action on behalf of himself and the following classes (the

"Classes") pursuant to Federal Rule of Civil Procedure 23(b)(2) and/or (b)(3) and Middle District of Pennsylvania Local Rule 23.1.

**ANSWER:** Haller admits that Plaintiff purports to assert claims on behalf of a putative class. Haller denies that any such class would be amenable to class certification. Haller further denies that this action was brought in the Middle District of Pennsylvania pursuant to Local Rule 23.1.

43. Plaintiff proposes the following Class definitions, subject to amendment as appropriate:

**National DNC Class:** All persons in the United States whose (1) telephone numbers were on the National Do Not Call Registry for at least 31 days, (2) but who received more than one telemarketing call or text message from or on behalf of Defendant encouraging the purchase of Defendant's goods or services, (3) within a 12-month period (4) at any time in the period that begins four years before the date of filing this Complaint to trial.

**Telemarketing Caller ID Class:** All persons within the United States to whom: (1) Defendant (or a third-party acting on behalf of Defendant) sent (2) two or more telemarketing calls or text messages in a 12-month period, (3) which either (a) did not transmit a CPN or ANI at all, (b) transmitted a CPN or ANI that would not have allowed an individual to make a do not call request during regular business hours, or (c) was made without the transmission of caller identification information that included either CPN or ANI and the Defendant's or telemarketer's name, (4) within the four years prior to the filing of the Complaint.

**ANSWER:** Haller admits that Plaintiff purports to assert claims on behalf of a putative class. Haller denies that any such class would be amenable to class certification.

44. Plaintiff is a member of and will fairly and adequately represent and protect the interests of the Classes as he has no interests that conflict with any of the Class members.

**ANSWER:** Paragraph 44 consists of conclusions of law to which no response is required. To the extent a response is deemed required, Haller denies the allegations in Paragraph 44.

45. Excluded from the Classes are counsel, Defendant, and any entities in which Defendant has a controlling interest, the Defendant's agents and employees, any judge to whom this action is assigned, and any member of such judge's staff and immediate family.

**ANSWER:** Haller admits that Plaintiff purports to exclude certain groups from his proposed class definitions. Haller denies that any class would be amenable to class certification.

46. Plaintiff and all members of the Classes have been harmed by the acts of Defendant, including, but not limited to, the invasion of their privacy, annoyance, waste of time, the use of their telephone power and network bandwidth, and the intrusion on their telephone that occupied it from receiving legitimate communications.

ANSWER: The allegations in Paragraph 46 express arguments and opinions to which no response is required. To the extent a response is deemed required, Haller denies any allegations in Paragraph 46.

47. This Class Action Complaint seeks injunctive relief and money damages.

**ANSWER:** Haller admits that the Complaint seeks the relief recited in Paragraph 47. Haller denies that Plaintiff and putative class members are entitled to any relief.

48. The Classes as defined above, are identifiable through Defendant's dialer records, other phone records, and phone number databases.

**ANSWER:** Haller denies the allegations in Paragraph 48.

49. Plaintiff does not know the exact number of members in the Classes, but Plaintiff reasonably believes Class members number, at minimum, in the hundreds.

**ANSWER:** Haller lacks sufficient knowledge or information to form a belief about the allegations in Paragraph 49 and therefore denies them.

50. The joinder of all Class members is impracticable due to the size and relatively modest value of each individual claim.

**ANSWER:** Paragraph 50 consists of conclusions of law to which no response is required. To the extent a response is deemed required, Haller denies the allegations in Paragraph 50.

51. Additionally, the disposition of the claims in a class action will provide substantial benefit to the parties and the Court in avoiding a multiplicity of identical suits.

**ANSWER:** Paragraph 51 consists of conclusions of law to which no response is required. To the extent a response is deemed required, Haller denies the allegations in Paragraph 51.

52. There are well defined, nearly identical, questions of law and fact affecting all parties. The questions of law and fact, referred to above, involving the class claims predominate over questions that may affect individual Class members.

**ANSWER:** Paragraph 52 consists of conclusions of law to which no response is required. To the

extent a response is deemed required, Haller denies the allegations in Paragraph 52.

53. There are numerous questions of law and fact common to Plaintiff and to the proposed Classes, including, but not limited to, the following:

a. Whether Defendant made multiple calls to Plaintiff and members of the National Do Not Call Registry Class;

b. whether Defendant transmitted CPN or ANI, and whether that CPN or ANI complied with the TCPA's requirements;

c. Whether Defendant's conduct constitutes a violation of the TCPA; and

d. Whether members of the Classes are entitled to treble damages based on the willfulness of Defendant's conduct.

**<u>ANSWER:</u>** Paragraph 53 consists of conclusions of law to which no response is required. To the extent a response is deemed required, Haller denies the allegations in Paragraph 53.

54. Further, Plaintiff will fairly and adequately represent and protect the interests of the Classes. Plaintiff has no interests which are antagonistic to any member of the Classes.

**<u>ANSWER:</u>** Paragraph 54 consists of conclusions of law to which no response is required. To the extent a response is deemed required, Haller denies the allegations in Paragraph 54.

55. Plaintiff has retained counsel with substantial experience in prosecuting complex litigation and class actions, and especially TCPA class actions. Plaintiff and his counsel are committed to vigorously prosecuting this action on behalf of the other members of the Classes, and have the financial resources to do so.

**ANSWER:** The allegations in Paragraph 55 express arguments and opinions to which no response is required. To the extent a response is deemed required, Haller lacks sufficient knowledge or information to form a belief about the allegations in Paragraph 55 and therefore denies them.

56. Common questions of law and fact predominate over questions affecting only individual Class members, and a class action is the superior method for fair and efficient adjudication of the controversy. The only individual question concerns identification of Class members, which will be ascertainable from records maintained by Defendant and/or any of their agents or vendors.

**ANSWER:** Paragraph 56 consists of conclusions of law to which no response is required. To the extent a response is deemed required, Haller denies the allegations in Paragraph 56.

57. The likelihood that individual members of the Classes will prosecute separate actions is remote due to the time and expense necessary to prosecute an individual case.

**ANSWER:** The allegations in Paragraph 57 express arguments and opinions to which no response is required. To the extent a response is deemed required, Haller lacks sufficient knowledge or information to form a belief about the allegations in Paragraph 57 and therefore denies them.

58. Plaintiff is not aware of any litigation concerning this controversy already commenced by others who meet the criteria for class membership described above.

**ANSWER:** Haller lacks sufficient knowledge or information to form a belief about the

allegations in Paragraph 58 and therefore denies them.

**<u>FIRST CAUSE OF ACTION</u>**

**Violation of the Telephone Consumer Protection Act**

**(47 U.S.C. § 227(c)(5) & 47 C.F.R. § 64.1200(c) on behalf of Plaintiff and the National Do Not Call Registry Class)**

59. Plaintiff incorporates the allegations from all previous paragraphs as if fully set forth herein.

**<u>ANSWER:</u>** Haller repeats and realleges all of the foregoing paragraphs of this Answer as if fully set forth herein.

60. The foregoing acts and omissions of Defendant and/or any of their affiliates, agents, and/or other persons or entities which discovery may reveal may have been acting on Defendant's behalf, constitute numerous and multiple violations of the TCPA, 47 U.S.C. § 227. by making telemarketing calls, except for emergency purposes, to Plaintiff and members of the National Do Not Call Registry Class despite their numbers being on the National Do Not Call Registry.

**<u>ANSWER:</u>** Paragraph 60 consists of conclusions of law to which no response is required. To the extent a response is deemed required, Haller denies the allegations in Paragraph 60.

61. Defendant's violations were negligent, willful, or knowing.

**<u>ANSWER:</u>** Paragraph 61 consists of conclusions of law to which no response is required. To the extent a response is deemed required, Haller denies the allegations in Paragraph 61.

62. As a result of Defendant's and/or any of their affiliates, agents, and/or other persons or entities which discovery may reveal may have been acting on Defendant's behalf, violations of the TCPA, 47 U.S.C. § 227, Plaintiff and members of the National Do Not Call Registry Class are entitled to an award of up to $500 and in damages for each and every call made and up to $1,500 in damages if the calls are found to be willful.

**ANSWER:** Haller denies that Plaintiff or putative class members are entitled to any relief and denies the allegations in Paragraph 62.

63. Plaintiff and the members of the National Do Not Call Registry Class are also entitled to and do seek injunctive relief prohibiting Defendant and/or other persons or entities which discovery may reveal may have been acting on Defendant's behalf from making telemarketing calls to telephone numbers registered on the National Do Not Call Registry, except for emergency purposes, in the future.

**ANSWER:** Haller denies that Plaintiff or putative class members are entitled to any relief and denies the allegations in Paragraph 63.

## SECOND CAUSE OF ACTION

**Violations of the TCPA, 47 U.S.C. § 227**

**(On Behalf of Plaintiff and the Telemarketing Caller ID Class)**

64. Plaintiff realleges and incorporates by reference each and every allegation set forth in the preceding paragraphs.

**ANSWER:** Haller repeats and realleges all of the foregoing paragraphs of this Answer as if fully set forth herein.

65. It is a violation of the TCPA to make a telemarketing call without the transmission of caller identification information including either a CPN or ANI and, when available by the telemarketer's carrier, the name of the telemarketer. 47 C.F.R. § 64.1601(e)(1).

**ANSWER:** Paragraph 65 consists of conclusions of law to which no response is required. To the extent a response is deemed required, Haller denies the allegations in Paragraph 65.

66. It is a violation of the TCPA to transmit a CPN or ANI that does not allow any individual to make a do-not-call request during regular business hours. 47 C.F.R. § 64.1601(e)(1).

**ANSWER:** Paragraph 66 consists of conclusions of law to which no response is required. To the extent a response is deemed required, Haller denies the allegations in Paragraph 66.

67. Defendant and/or their affiliates, agents, and/or other persons or entities acting on Defendant's behalf violated the TCPA by causing multiple telemarketing calls to be initiated to Plaintiff and members of the Telemarketing Caller ID Class in a 12-month period, without the transmission of caller identification information including either a CPN or ANI and the name of the telemarketer.

**ANSWER:** Paragraph 67 consists of conclusions of law to which no response is required. To the extent a response is deemed required, Haller denies the allegations in Paragraph 67.

68. These violations were willful or knowing.

**ANSWER:** Paragraph 68 consists of conclusions of law to which no response is required. To the extent a response is deemed required, Haller denies the allegations in Paragraph 68.

69. As a result of Defendant and/or their affiliates, agents, and/or other persons or entities acting on Defendant's behalf's violations of the TCPA's telemarketing Caller ID transmission requirement, Plaintiff and members of the Telemarketing Caller ID are each entitled to an injunction and up to $500 in damages for each such violation. 47 U.S.C. § 227(c)(5).

**ANSWER:** Haller denies that Plaintiff or putative class members are entitled to any relief and denies the allegations in Paragraph 69.

70. Because such violations were willful or knowing, the Court should treble the amount of statutory damages, pursuant to 47 U.S.C. § 227(c)(5).

**ANSWER:** Haller denies that Plaintiff or putative class members are entitled to any relief and denies the allegations in Paragraph 70.

## AFFIRMATIVE DEFENSES

Haller, by way of further answer, asserts the following Affirmative Defenses to the claims set forth in the Complaint. The Affirmative Defenses set forth below are based on the information presently available to Haller. Haller expressly reserves the right to supplement or amend its Answer and to assert further Affirmative Defenses upon the discovery of additional relevant information during discovery in this action.

1. Plaintiff's and the putative class members' claims are barred, in whole or in part, because the Complaint fails to state a claim upon which relief can be granted.

2. Plaintiff's and the putative class members' claims are barred, in whole or in part, to the extent their alleged damages were caused not by Haller, but by intervening and superseding causes or circumstances, or by the acts or omissions of third parties for which Haller

is not responsible.

3. Plaintiff's and the putative class members' claims are barred, in whole or in part, to the extent Haller did not authorize, approve, or ratify the text messages to Plaintiff and other members of the putative class under general principles of vicarious liability, including actual authority, apparent authority, and ratification.

4. Plaintiff's and the putative class members' claims are barred, in whole or in part, to the extent Haller did not encourage, participate in, aid, or abet any of the purported misconduct.

5. Plaintiff's and the putative class members' claims are barred, in whole or in part, because they cannot be asserted on behalf of individuals whose claims are beyond the Court's jurisdiction in violation of the Due Process Clauses of the Fifth and Fourteenth Amendments to the United States Constitution and corresponding portions of the Pennsylvania Constitution.

6. Plaintiff's and the putative class members' claims are barred, in whole or in part, because they did not suffer any injury that would be redressable under the TCPA or otherwise.

7. Plaintiff's and the putative class members' claims are barred, in whole or in part, because they do not have statutory standing to assert them.

8. Plaintiff's and the putative class members' claims are barred, in whole or in part, because their alleged injuries fall outside the zone of interests protected by the TCPA.

9. Plaintiff's and the putative class members' claims are barred, in whole or in part, because awarding statutory or other damages that are either unrelated or disproportionate to actual damages would violate principles of procedural and substantive due process under the Fifth and Fourteenth Amendments to the United States Constitution and corresponding portions of the Pennsylvania Constitution.

10. Plaintiff's and the putative class members' claims are barred, in whole or in part, because awarding punitive and/or exemplary damages would: (a) violate the Due Process Clauses of the Fifth and Fourteenth Amendments to the United States Constitution; (b) constitute an excessive fine under the Excessive Fines Clauses of the Eighth Amendment to the United States Constitution; (c) violate the Fourth, Fifth, and Sixth Amendments to the United States Constitution; and (d) violate corresponding portions of the Pennsylvania Constitution.

11. Plaintiff's and the putative class members' claims are barred, in whole or in part, because Plaintiff and the putative class cannot meet the requirements in order to recover punitive or statutory damages.

12. Plaintiff's and the putative class members' claims are barred, in whole or in part, because no private right of action exists for violations of the Caller ID regulation at 47 C.F.R. § 64.1601(e).

13. Plaintiff's and the putative class members' claims are barred, in whole or in part, because text messages are not "calls" under Section 227(c)(5) of the TCPA.

14. Plaintiff's and the putative class members' claims are barred, in whole or in part, to the extent that they are based on the receipt of text messages on a number used for commercial purposes.

15. Plaintiff's and the putative class members' claims are barred, in whole or in part, because CNAM information does not display on incoming text messages and cannot be used to identify the sender of any text messages allegedly received.

16. Plaintiff's claims are barred, in whole or in part, because the texts he allegedly received clearly identified Haller.

17. Plaintiff's and the putative class members' claims are barred, in whole or in part,

to the extent that they consented to receipt of such text messages.

18. Plaintiff's and the putative class members' claims are barred, in whole or in part, to the extent that any have an existing business relationship with Haller.

19. Plaintiff's and the putative class members' claims are barred, in whole or in part, because Haller acted reasonably, in good faith, with due care, and substantially complied with all applicable statutes, regulations, ordinances, and/or other laws.

20. Plaintiff and the putative class members are not entitled to any enhanced statutory damages because if Haller did violate the TCPA—which Haller denies—it did not do so willfully or knowingly.

21. Plaintiff's and the putative class members' claims are barred, in whole or in part, because they cannot be asserted on behalf of individuals who have waived or released them.

22. Plaintiff's and the putative class members' claims are barred, in whole or in part, by their contract with Haller.

23. Plaintiff's and the putative class members' claims are barred, in whole or in part, to the extent they contractually agreed that any relief would be limited to direct damages.

24. Plaintiff's and the putative class members' claims are barred, in whole or in part, to the extent they cannot be asserted on behalf of individuals who agreed to resolve disputes with Haller in arbitration.

25. Plaintiff's and the putative class members' claims are barred, in whole or in part, because the interpretations of the TCPA upon which their claims are based are unconstitutionally vague and overbroad, and thus violate the Due Process Clauses of the Fifth and Fourteenth Amendment to the United States Constitution and corresponding portions of the Pennsylvania Constitution.

26. Plaintiff's claims are barred by the unclean-hands doctrine.

27. Plaintiff's claims are barred by the estoppel doctrine.

28. Plaintiff's claims are barred because his alleged damages were caused, in whole or in part, by his own conduct.

29. Plaintiff's claims are barred because he failed to mitigate his alleged damages.

30. Plaintiff's claims are barred because any alleged error made with respect to Plaintiff was a bona fide error.

31. To the extent that Plaintiff or the putative class seek to recover their attorney's fees and costs, the TCPA does not provide for recovery of such fees or costs.

WHEREFORE, Haller demands judgment in its favor and against Plaintiff on all counts, together with costs, attorneys' fees, and such other relief as this Court deems proper.

Dated: September 18, 2026

*<u>/s/ Michael P. Daly</u>*

Michael P. Daly (PA ID 86103)
Michelle A. Paninopoulos (PA ID 329738)
FAEGRE DRINKER BIDDLE & REATH LLP
One Logan Square, Suite 2000
Philadelphia, Pennsylvania 19103
Phone: 215-988-2700
Fax: 215-988-2757
michael.daly@faegredrinker.com
michelle.paninopoulos@faegredrinker.com

Matthew M. Morrissey (*pro hac vice* forthcoming)
Stacy N. Massey (*pro hac vice* forthcoming)
FAEGRE DRINKER BIDDLE & REATH LLP
320 S. Canal Street, Suite 3300
Chicago, IL 60606
Telephone: (312) 569-1000
matthew.morrissey@faegredrinker.com
stacy.massey@faegredrinker.com

*Attorneys for Defendant Haller Enterprises, LLC*

**CERTIFICATE OF SERVICE**

I, Michelle A. Paninopoulos, certify that, on the date set forth below, I electronically filed the foregoing Answer and Affirmative Defenses with the clerk of the court for the U.S. District Court, Eastern District of Pennsylvania, using the electronic case filing system of the court. The electronic case filing system sent a "Notice of Electronic Filing" to each attorney of record.

Dated: September 18, 2026

*/s/ Michelle A. Paninopoulos*
Michelle A. Paninopoulos